UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ISAIAH PERRY, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:17-cv-02352-TWP-DLP |
| ERIC KAPCZYASKI, GREG ROSS, JAY FREDERICK, | ) |
| Defendants. | ) |

**Entry Dismissing Action and Directing Entry of Final Judgment**

This matter is before the Court on the defendants' motion to dismiss this action pursuant to Federal Rule of Civil Procedure 41(b). For the reasons explained below, the motion is **granted**.

The defendants seek dismissal on the basis that the plaintiff has failed to provide them with an updated address or otherwise participate in this action since his apparent release from the Bartholomew County Jail. Counsel for the defendants note that discovery requests sent to the plaintiff at Bartholomew County Jail were returned by the Postal Service. The Postal Service has also returned an order the Court has attempted to send to the plaintiff. *See* dkt. 41. The defendants also represent that they have not received initial disclosures or any other documents from the plaintiff since the Court entered its pretrial schedule on December 5, 2017.

The Court alerted the plaintiff on three occasions that he must continue to provide the Court with updated contact information and that failure to do so could result in dismissal. Dkts. 12, 30, 32. Other than one piece of correspondent to the Court on May 4, 2018, updating his address to the Bartholomew County Jail, dkt. [34], the plaintiff has failed for over five months to participate in this action as directed by the Federal Rules of Civil Procedure and the Court's orders. The Bartholomew County Jail is the only address the plaintiff has provided to the Court and Court

entries were returned as undeliverable to the jail address shortly before and after the plaintiff's correspondence on May 4, 2018. The plaintiff has not filed any documents with the Court since May 4, 2018, and it does not appear that he has received any mail from the defendants or the Court since at least February 21, 2018 (the earliest postmark date among the returned documents).

A district court may dismiss an action with prejudice "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Whether dismissal is an appropriate sanction for a plaintiff's failure to prosecute "depends on all the circumstances of the case." *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011). Dismissal is generally appropriate only "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014). "Factors relevant to the decision to dismiss include the plaintiff's pattern of and personal responsibility for violating orders, the prejudice to others from that noncompliance, the possible efficacy of lesser sanctions, and any demonstrated merit to the suit." *Pendell v. City of Peoria*, 799 F.3d 916, 917 (7th Cir. 2015). "With those factors in mind, a court may dismiss a suit after the plaintiff has willfully refused to comply with discovery orders and the plaintiff has been warned that noncompliance may lead to dismissal." *Id.*

The plaintiff's failure to provide the Court or the defendants with his current mailing address or otherwise participate in this action necessitates the dismissal of this action with prejudice pursuant to Rule 41(b). The plaintiff's failure to update his address and comply with the scheduling order has prevented the defendants from progressing toward resolution of this case. Although dismissal is a harsh consequence, the plaintiff's failure to provide the Court or the defendants with updated contact information does not permit the Court to remedy the situation with lesser sanctions. And, in any event, the plaintiff has already been provided with three

warnings that his failure to provide current contact information or comply with the scheduling order could result in dismissal.

The defendants' motion to dismiss, dkt. [40], is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 7/31/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ISAIAH PERRY
Bartholomew County Jail
543 2nd Street
Columbus, IN 47201

Matthew L. Hinkle
COOTS HENKE & WHEELER
mhinkle@chwlaw.com

Cory Christian Voight
COOTS HENKE & WHEELER, P.C.
cvoight@chwlaw.com